UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ONTEL PRODUCTS CORPORATION, a New Jersey Corporation,**<br><br>  Plaintiff,<br><br>  v.<br><br>**TOP SOURCE MEDIA L.L.C., a Minnesota limited liability company, and ROBERT ANDERSON, an individual,**<br><br>  Defendants. | Civ. No. 22-04141 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

  This matter comes before the Court on the motion of Plaintiff Ontel Products Corporation ("Ontel") (DE 29) for entry of default judgment against Defendants Top Source Media L.L.C. ("Top Source") and Robert Anderson (collectively, "Defendants"). For the reasons stated herein, the motion is **DENIED**.

  **I.  Background**[1]
   **a.  Factual Allegations**[2]

  Ontel is a New Jersey corporation with its principal place of business in Fairfield, New Jersey. (Am. Compl. ¶ 6.) Ontel develops, markets, and distributes "innovative consumer products," including "the Artic Air®, Arctic Air® Ultra, Arctic Air® Tower, Arctic Air® Freedom™, Arctic Air® Smart Chill™,

---

[1]   Certain citations to the record are abbreviated as follows:

  "DE" = Docket entry number in this case

  "Am. Compl." = Complaint (DE 14-2)

  "Mot." = Plaintiff's brief in support of the motion (DE 29-1)

[2]   Because I do not reach the sufficiency of Plaintiff's claims, a basic statement of the facts is all that is required.

1

Arctic Air® Pure Chill™, and Arctic Air® Pocket Chill™." (*Id.* ¶ 14–15.) "The Arctic Air® Products are evaporative air-cooling devices that cool the user with the surrounding air." (*Id.* ¶ 16.) Ontel has valid trademark and copyright registrations for various "Arctic Air" marks. (*Id.* ¶¶ 24–34.)

Ontel alleges that Defendants "own, created, established, and/or operate the infringing website that infringes one or more of the Artic Air® Marks." (*Id.* ¶ 35.) That website is https://arcticairpurechill.org/ (the "Infringing Website"),[3] and Anderson "is listed as the registrant and administrative contact for the domain name." (*Id.* ¶¶ 36–37.) Anderson is the owner and CEO of Top Source. (*Id.* ¶ 38.) According to Ontel, the "Infringing Website infringes one or more of the Arctic Air® Marks and purports to sell Ontel's Arctic Air® Pure Chill™ at 50% off." (*Id.* ¶¶ 40, 57–66.) "However, Defendants are not selling legitimate Ontel products," and when the consumer clicks on the Infringing Website's links, they are "redirected to a different website depending on where they are accessing the Infringing Website." (*Id.* ¶ 42.) Ontel alleges that "Defendants are taking advantage of Ontel's customer base, marketing efforts, and goodwill by capturing consumer interest through use of its Infringing Website, then redirecting Ontel's customer base to Defendants Robert Anderson and Top Source Media's website, which sells a cheap competing product to Ontel's Arctic Air® products." (*Id.* ¶ 52.)

Ontel also claims, upon information and belief, that once a consumer purchases a product from Defendants, "that consumer is then added to Defendants' e-mail list serve," which causes the consumer to "receive[] several e-mail offerings and advertisements for products that compete with Ontel products." (*Id.* ¶ 54.)

Plaintiff alleges "Infringement and Counterfeiting of Federally Registered Trademarks" under 15 U.S.C. § 1114 (Count I); "False Designation of Origin and Unfair Competition" under 15 U.S.C. § 1125 (Count II); Unfair Competition

---

[3]   I use the term "Infringing Website" solely for consistency with the terminology used in the Amended Complaint. I make no judgment on whether the website, in fact, infringed any of Plaintiff's marks.

under New Jersey law, N.J.S.A. § 56:4-1 (Count III); "Trademark Infringement and Unfair Competition under New Jersey Common Law" (Count IV); Copyright Infringement of three copyrights (Counts V, VI, VII); Unjust Enrichment (Count VIII); and Cyberpiracy under 15 U.S.C. § 1125(d) (Count IX).

### b. Procedural History

Plaintiff filed the initial complaint on June 17, 2022. (DE 1.) Plaintiff moved to amend to add Top Source and Anderson (and dismiss other defendants) on October 25, 2022. (DE 14.) I granted the motion to amend (DE 15) and the proposed amended complaint (DE 14-2) became the operative complaint.[4] Top Source and Anderson were served on November 12, 2022, and Plaintiff filed proof of service as to each on November 30, 2022. (DE 23, 24.) On December 22, 2022, Plaintiff requested that the Clerk of the Court enter default against Top Source and Anderson for failure to plead or otherwise defend. (DE 27.) The Clerk entered default against both Defendants on December 23, 2022. On February 28, 2023, the Court noted the pending default and directed Plaintiff to move this action by filing a motion for default judgment. (DE 28.) Plaintiff filed the current motion for default judgment on March 30, 2023. (DE 29.)

## II. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir.2005)). "The entry of a default judgment is

---

[4] While the Amended Complaint also named YunExpress USA, Inc. as a defendant, Plaintiff later voluntarily dismissed Yun Express, which plays no further role. (DE 25, 26.)

3

largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the Court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (citation omitted).

### III. Discussion

#### a. Subject Matter Jurisdiction

When a default judgment is sought against a party that has not filed responsive pleadings, the Court "'has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

The Court has subject matter jurisdiction. Ontel brings claims under federal trademark, copyright, unfair competition, and cyberpiracy laws, which is sufficient to create federal question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the remaining state law causes of

action under 28 U.S.C. § 1367 because the federal and state law claims all rely on the same alleged conduct, and thus are part of the same case or controversy.

### b. Personal Jurisdiction

Top Source is a Minnesota LLC with a principal place of business in Minnesota, and Anderson resides in Minnesota. (Am. Compl. ¶¶ 7–8.) Thus, New Jersey is not the "paradigm forum for the exercise of general jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Ontel asserts that "Defendants directly and systematically targeted Plaintiff's business and customers in New Jersey . . . by passing themselves off as Plaintiff or one of its authorized distributors to Plaintiff's customers and potential customers online." (Mot. at 13.) Caroline Kinsey, Ontel's General Counsel, states in her declaration that "[m]ultiple New Jersey based Ontel employees . . . accessed Defendants' website, arcticairpurechill.org, from Ontel's Fairfield, New Jersey headquarters." (DE 29-3 ¶ 6.) She claims that the website "intentionally targets Ontel's New Jersey business by using Ontel's ARTIC AIR® Marks and Copyrighted Works without Ontel's authorization to sell and offer[] for sale products that compete directly with Ontel's products." (*Id.*) Kinsey further claims that "[m]ultiple non-New Jersey based Ontel employees . . . placed orders for the portable air-cooling products offered on this website to conduct test buys to review the products. Test buy units were subsequently shipped to Boston and Florida." (*Id.* ¶ 7.) Kinsey states that the sales were completed using Ontel email addresses, that emails confirming the purchases were sent to Ontel email addresses, and that the Ontel email addresses then "received multiple email solicitations from Defendants' email account" which "advertis[ed] other products for sale, some of which directly compete with or are confusingly similar to other items in Ontel's product line." (*Id.* ¶¶ 8–9.) Kinsey further claims that email solicitations were sent to her Ontel email address "while I was working from Ontel's Fairfield, New Jersey headquarters." (*Id.*)

Ontel relies on commercial activity conducted through Defendants' website to establish personal jurisdiction. "The general rule that specific jurisdiction is proper where a defendant intentionally reaches out and conducts business in a foreign jurisdiction remains unchanged where the business is conducted through a website." *Gourmet Video, Inc. v. Alpha Blue Archives, Inc.*, No. 08-2158, 2008 WL 4755350, at *4 (D.N.J. Oct. 29, 2008) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003) (noting that *Zippo* "has become a seminal authority regarding personal jurisdiction based upon the operation of an Internet web site"); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there."). A defendant "is not subject to personal jurisdiction in any jurisdiction merely because the defendant's website is commercially interactive." *Gourmet Video*, 2008 WL 4755350, at *4 (citing *Toys "R" Us*, 318 F.3d at 454). "Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us*, 318 F.3d at 454. "[A] defendant purposefully avails itself of the forum state where the defendant conducts business with the forum state's residents and knowingly ships its products to the forum state." *Gourmet Video*, 2008 WL 4755350, at *4 (citation omitted).

Plaintiff filed an affidavit of service, permitting the Clerk to enter default. But Plaintiff has not set forth a *prima facie* case of personal jurisdiction that would permit Defendants to be validly served and brought before this Court. First, there are no plausible allegations or proof that Defendants directly targeted their website to New Jersey. Kinsey states that Defendants' website "intentionally targets Ontel's New Jersey business by using Ontel's ARCTIC

AIR® Marks and Copyrighted Works without Ontel's authorization to sell and offer[] for sale products that compete directly with Ontel's products." (DE 29-3 ¶ 6.) But that logic would give rise to personal jurisdiction anywhere with access to the internet, based solely on where the effects of infringement are felt—a proposition I see no authority for.[5] *See Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("[H]owever significant the *plaintiff's* contacts with the forum may be, those contacts cannot be decisive in determining whether the *defendant's* due process rights are violated. . . . [T]he mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." (emphases added) (citation and internal quotation marks omitted).)

Kinsey also notes that "[m]ultiple New Jersey-based Ontel employees . . . accessed Defendants' website, arcticairpurechill.org, from Ontel's Fairfield, New Jersey headquarters," that Defendants communicated with Ontel employees through their Ontel email addresses, and that Kinsey herself accessed the emails while working in Fairfield, New Jersey. (*Id.* ¶¶ 6, 8–9.) But the mere fact that *Plaintiff's* employees accessed the website in the forum is insufficient to establish *Defendant's* purposeful availment. There is no indication that Defendants targeted New Jersey, or were even aware of these connections to, or rather from, New Jersey. *Toys "R" Us*, 318 F.3d at 455 (noting that "electronic newsletters and other email correspondence . . . [does] not trigger personal jurisdiction if they do not show purposeful availment" (citation and internal quotation marks omitted)); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("The fact that [defendant]

---

[5] The Third Circuit in *Toys "R" Us* noted its prior holding that in intentional tort cases, "personal jurisdiction may, under certain circumstances, be based on the effects in the forum state of a defendant's tortious actions elsewhere." 318 F.3d at 455 n.6 (citing *Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001)). But to satisfy the "effects test," the intentionally tortious conduct must be "expressly aimed at New Jersey." *Id.*; *see also M.H. on behalf of C.H. v. Omegle.com LLC*, No. 20-11294, 2021 WL 1050234, at *5 (D.N.J. Mar. 19, 2021) ("[T]he effects test offers no escape from the essential prerequisite of personal jurisdiction, *i.e.*, whether the defendant purposefully targeted the forum."). Plaintiff has not established that this requirement is met.

maintains an email list to allow it to shower past customers and other subscribers with company-related emails does not show a relation between the company and [the forum]. Such a relation would be entirely fortuitous, depending wholly on activities out of the defendant's control. . . . The connection between the place where an email is opened and a lawsuit is entirely fortuitous.").

Nor does Plaintiff allege that any sales were made to New Jersey customers such that Defendants knowingly interacted with residents of the forum. The only sales Plaintiff notes were to "[m]ultiple non-New Jersey based Ontel employees," resulting in goods being "shipped to Boston and Florida," a circumstance which clearly does not create any minimum contacts with New Jersey. (DE 29-3 ¶ 7.)

In sum, Plaintiff has not set forth a basis for me to find that Defendants directly targeted their website to New Jersey, knowingly interacted with residents of New Jersey, or have sufficient other related contacts with New Jersey. *Toys "R" Us*, 318 F.3d at 454. Because Plaintiff has not met its burden to establish a *prima facie* case of personal jurisdiction, demonstrating that Defendants were validly served and can be haled into court here, *Vanguard Energy Partners LLC v. Hanover Ins. Co.*, No. 18-13124, 2021 WL 767608, at *3 (D.N.J. Feb. 26, 2021), the motion for default judgment is denied. Given this disposition, I will not address the remaining requirements for default judgment at this time.

### IV.   Conclusion

Plaintiff has not established that the Court has personal jurisdiction over either Defendant. Accordingly, the motion for default judgment must be **DENIED**. The Order is entered without prejudice to proof of valid service accompanied by a demonstration that Defendants are subject to this Court's jurisdiction. Alternatively, Plaintiff may move to transfer venue of the action under 28 U.S.C. § 1631 to a district which has jurisdiction over Defendants. If none of these actions are taken within 60 days, this case will be closed.

An appropriate Order follows.

Dated: October 26, 2023

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty
United States District Judge**